**In re AIR CRASH AT CHARLOTTE INTERNATIONAL AIRPORT ON JANUARY 8, 2003**

**Rebecca EDGERTON, etc.**

v.

**MESA AIR GROUP, INC., et al., S.D. Ohio, C.A. No. 3:03–42**

**Donna SULLIVAN, etc.**

v.

**MESA AIR GROUP, INC., et al., E.D. Pennsylvania, C.A. 2:03–3144**

**Andrea FONTE, etc.**

v.

**MESA AIR GROUP, INC., et al., E.D. Pennsylvania, C.A. 2:03–3508**

**No. 1558.**

Judicial Panel on Multidistrict Litigation.

Nov. 7, 2003.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN, J. FREDERICK MOTZ and ROBERT L. MILLER, Jr., Judges of the Panel.

### TRANSFER ORDER

WM. TERRELL HODGES, Chairman.

This litigation currently consists of two actions pending in the Eastern District of Pennsylvania and one action in the Southern District of Ohio.[1] Before the Panel is a motion brought by plaintiff in the Southern District of Ohio action, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of the actions in the Western District of North Carolina. Plaintiffs in the two Eastern District of Pennsylvania actions and the potential tag-along action in the Western District of North Carolina support centralization in

the Western District of North Carolina. Defendants Mesa Air Group, Inc.; Air Midwest, Inc.; Raytheon Aerospace, LLC; and Structural Modification and Repair Technicians, Inc., also join the motion for transfer to the Western District of North Carolina. Defendant U.S. Airways, Inc., agrees that transfer of all actions is appropriate but suggests the District of Kansas, or, in the alternative, the Southern District of Florida, as transferee district. Plaintiff in the potential tag-along action in the Eastern District of Pennsylvania opposes the motion; should the Panel order transfer over her objections, then this plaintiff would support the Eastern District of Pennsylvania as transferee district.

On the basis of the papers filed and hearing session held, the Panel finds that these three actions involve common questions of fact, and that centralization under Section 1407 in the Western District of North Carolina will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions concern the cause or causes of the crash of Air Midwest Flight 5481 on January 8, 2003, in Charlotte, North Carolina. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Western District of North Carolina is an appropriate transferee forum for this docket. We note that i) this district encompasses the situs of the crash at the Charlotte–Douglas International Airport, so pertinent witnesses and documents will likely

---

1. In addition to the three actions presently before the Panel, the Panel has been notified of two related actions pending, respectively, in the Western District of North Carolina and the Eastern District of Pennsylvania. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

be found in the area; ii) plaintiffs in the three actions, plaintiffs in a potential tag-along action, and all but one of the responding defendants support centralization in this district; and iii) a potential tag-along action is pending there.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions are transferred to the Western District of North Carolina and, with the consent of that court, assigned to the Honorable Graham C. Mullen for coordinated or consolidated pretrial proceedings in that district.

